# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

JOHN WATKINS,

    Plaintiff,

v.

VESTIL MANUFACTURING CORP.,

    Defendant.

CIVIL ACTION NO.
2:07-CV-0152-RWS

## **ORDER**

This case comes before the Court on Liberty Mutual Insurance Company's (herein "Liberty Mutual") Motion to Intervene in the above-captioned case [26]. After a review of the record, the Court enters the following Order.

## **Background**

According to the Complaint, Plaintiff John Watkins was injured when the handle of a truck sold and manufactured by Defendant Vestil Manufacturing, Corp. failed, resulting in substantial injury to Plaintiff's leg. (Dkt. No. [1].) Plaintiff filed suit, alleging that Defendant's negligence, defective design,

and/or defective product resulted in Plaintiff's physical injury, disability, medical expenses, loss of earnings, and loss of earning capacity. (Id.) Plaintiff's employer, Resilux America, was insured for worker's compensation insurance by Liberty Mutual. Pursuant to the provisions of the Georgia Worker's Compensation Act, Liberty Mutual paid worker's compensation benefits to the Plaintiff. (Dkt. No. [26] at 4.) Liberty Mutual seeks to intervene as a matter of right under Fed. R. Civ. P. 24(a) to recover the amount of benefits already paid under the Georgia Worker's Compensation Act for all economic and noneconomic losses incurred as a result of the accident. (Id.)

## Discussion

### I. Standard for Motion to Intervene

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, an individual may intervene as of right in a pending action if "the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." See FED. R. CIV. P. 24(a)(2). A party seeking intervention under Rule 24(a)(2)

must demonstrate that: (1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit. Worlds v. Dep't of Health and Rehabilitative Servs., 929 F.2d 591, 593 (11th Cir. 1991) (quoting Chiles v. Thornburgh, 865 F.2d 1197, 1213 (11th Cir. 1989)).

At a minimum, a Rule 24(a)(2) intervenor must demonstrate that he has a "significantly protectible interest" in the proceedings. Donaldson v. United States, 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971); see also Chiles, 865 F.2d at 1213 (stating that Rule 24(a)(2) requires a "direct, legally protectible interest in the proceedings" which "must be a particularized interest rather than a general grievance"); Meeks v. Metro. Dade County, 985 F.2d 1471, 1480 (11th Cir. 1993) ("In this circuit, a movant who shows standing is deemed to have a sufficiently substantial interest to intervene."). Stated differently, the proposed intervenor must be "a real party in interest in the transaction which is the subject of the proceeding." Id. at 1214. And while a "party seeking to intervene need not demonstrate that he has standing in

3

addition to meeting the requirements of Rule 24," standing principles are "relevant to help define the type of interest that the intervenor must assert." Chiles, 865 F.2d at 1213.

An individual may also be permitted to intervene in an action under Rule 24(b)(2) if the Court determines in its discretion that the intervention will not unduly delay or prejudice the rights of the original parties, and the potential intervenor has a "claim or defense" which shares a common question of law or fact with the plaintiff's claims. See FED. R. CIV. P. 24(b)(2). Thus, a party seeking to intervene under Rule 24(b)(2) must show that: (1) his application to intervene is timely; and (2) his claim or defense and the main action have a question of law or fact in common. Chiles, 865 F.2d at 1213. "The district court has the discretion to deny intervention even if both of those requirements are met, and its decision is reviewed for an abuse of discretion." Id.

With these principles as a foundation, the Court now turns to address Liberty Mutual's Motion to Intervene [26].

## II. Liberty Mutual's Motion to Intervene

Liberty Mutual moves to intervene as a matter of right pursuant to Fed. R. Civ. P. 24(a). (Dkt. No. [26-2] at ¶9.) Liberty Mutual paid $184,513.08 in

4

worker's compensation benefits to or on behalf of Plaintiff Watkins which it seeks to recover should Plaintiff succeed in the action against Defendant Vestil Manufacturing, Corp. (Id.). Liberty Mutual states that under O.C.G.A. § 34-9-11.1,[1] when an employee has a right of action against an employer, and the employer's liability has been partially or totally paid, the employer's insurer has a subrogation lien along with a right to intervene to protect that lien. (Dkt. No. [26-3] at 4.) Essentially, O.C.G.A. § 34-9-11.1(b) allows for a third-party tort action in which the worker's compensation insurer has a subrogation lien for any benefits paid to the employee. See Anthem Cas. Ins. Co. v. Murray, 246 Ga.App. 778, 779 (2000). The Georgia state law is such that this subrogation lien can only be enforced if the insurer intervenes in the employee's suit. See

---

[1] O.C.G.A. § 34-9-11.1(b) provides that:
In the event an employee has a right of action against such other person as contemplated in subsection (a) of this Code section and the employer's liability under this chapter has been fully or partially paid, then the employer or such employer's insurer shall have a subrogation lien, not to exceed the actual amount of compensation paid pursuant to this chapter, against such recovery. The employer or insurer may intervene in any action to protect and enforce such lien. However, the employer's or insurer's recovery under this Code section shall be limited to the recovery of the amount of disability benefits, death benefits, and medical expenses paid under this chapter and shall only be recoverable if the injured employee has been fully and completely compensated, taking into consideration both the benefits received under this chapter and the amount of the recovery in the third-party claim, for all economic and noneconomic losses incurred as a result of the injury.

5

North Bros. Co. v. Thomas, 236 Ga. App. 839, 841, 513 S.E.2d 251, 253 (1999) ("it is the responsibility of the worker's compensation provider to protect its interests by intervention and special verdict requests"); see also Canal Ins. Co. v. Liberty Mut. Ins. Co., 256 Ga. App. 866, 570 S.E.2d 60 (2002). The statute creates two separate rights on the part of the employer's insurer–a right to intervene and a right to recovery. This first right arises when the insurer asserts a subrogation lien pursuant to O.C.G.A. § 34-9-11.1. The right to recovery arises when there has been a demonstration that the employee has been fully and completely compensated. Marks v. Landstar Ligon, Inc., 2007 WL 1810141 (N.D.Ga. June 18, 2007). Liberty Mutual asserts that the intervention is required in order to protect its interests and pursue its rights under O.C.G.A. § 34-9-11.1. (Dkt. No. [35] at 10.)

In response, Plaintiff urges the Court to deny Liberty Mutual's motion, on the grounds that the statute upon which Liberty Mutual relies, O.C.G.A. § 34-9-11.1, is unconstitutionally vague and violates Plaintiff's due process rights. (Dkt. No. [34] at 1.) The Court shall address each of Plaintiff's arguments in turn.

AO 72A
(Rev.8/82)

First, Plaintiff asserts that O.C.G.A. § 34-9-11.1 is unconstitutionally vague because it "does not provide any guidance as to the meaning of its principal terms and fails to provide any means for its application." (Id. at 2.) Specifically, Plaintiff argues that the statute's requirement of "full and complete compensation" is not defined and its interpretation is too subjective. (Id. at 4-5.) Further, Plaintiff states that the statute does not specify how to enforce its terms or determine whether full and complete compensation has been awarded. (Id. at 5-11.) The Court rejects this argument, finding that the Georgia courts have provided sufficient guidance on the application and interpretation of O.C.G.A. § 34-9-11.1(b). The Georgia Supreme Court has held that in the context of O.C.G.A. § 34-9-11.1(b), an employee is "fully and completely compensated" when "the amount of the settlement received by or the judgment awarded to the injured party exceeds the injured party's economic and noneconomic damages." Thurman v. State Farm Mut. Auto. Ins. Co., 278 Ga. 162, 164, 598 S.E.2d 448, 451 (2004). Furthermore, the trial court must make the determination as to whether the employee has been fully or completely compensated in accordance with the statute. See Canal Ins. Co., 256 Ga.App. at 872-73, 570 S.E.2d at 66 ("[t]he trial court alone must determine if the employee has been fully and

7

completely compensated; neither party has a right to a jury determination of whether the injured employee has been fully and completely compensated under subsection (b).") (citations omitted). The Court finds that the statute's failure to prescribe the precise method upon which the trial court should make its determination does not render O.C.G.A. § 34-9-11.1 unconstitutionally vague.

Plaintiff states that the Statute should be voided because it does not give specific guidance as to the rights of an intervenor if the intervention is allowed. (Dkt. No. [34] at 6); see International Maintenance Corp. v. Inland Paper Board Packaging, Inc., 256 Ga. App. 752, 755, 569 S.E.2d 865, 868 (2002) ("the workers' compensation statutes . . . [give no] specific guidance about what litigation tactics are permissible as an intervenor strives to protect its lien.") Plaintiff expresses concern that the case's integrity would by jeopardized by the introduction of collateral source evidence. (Dkt. No. [34] at 8.) The Court finds that Georgia law provides for the bifurcation of trial in subrogation cases in order to "avoid revealing to the jury that the employee has already recovered a collateral source, the workers' compensation benefits." Canal Ins. Co., 256 Ga.App. at 870, 570 S.E.2d at 65 (citing Hammond v. Lee, 244 Ga.App. 865,

868-69, 536 S.E.2d 231, 234-35 (2000)).[2] Furthermore, in the event that an intervenor's pleadings or arguments conflict with those of a plaintiff, it is the responsibility of the trial court to mediate such disagreements on a case-by-case basis. Int'l Maint. Corp. v. Inland Paper Bd. & Packaging, Inc., 256 Ga.App. 752, 754-55, 569 S.E.2d 865, 868 (2002); Lee v. Genie Industries, Inc., 2007 WL 3284893 at *3 (M.D.Ga., Nov 6, 2007). If a plaintiff and defendant settled a case, the intervenor could still litigate its subrogation lien, and the issue would be whether the plaintiff had been fully and completely compensated by the settlement. See Int'l Maint. Corp., 256 Ga.App. at 755, 569 S.E.2d at 868. Given this guidance, the Court declines to find that O.C.G.A. § 34-9-11.1 is unconstitutionally vague.

Next, Plaintiff contends that O.C.G.A. § 34-9-11.1 violates the Equal Protection and Due Process Clauses of the United States and Georgia Constitutions. First, Plaintiff argues that the statute violates the Equal

---

[2]Further, "[i]n the first portion of the bifurcated trial, a special verdict form rather than a general verdict form should be used to determine what recovery is returned for medical expenses, lost wages, and pain and suffering, because the subrogation cannot be satisfied out of a noneconomic recovery." Canal Ins. Co., 256 Ga.App. at 870-71, 570 S.E.2d at 65 (internal citations omitted). Without a special verdict form, an insurer would be unable to recover because it will be impossible to determine whether the employee had been fully and completely compensated . Id. at 871, 570 S.E.2d at 65. The insurer must protect its interests by requesting the special verdict form. Id.

Protection Clause by creating two classes of people, those who can assign a portion of their personal injury claims and those who cannot. (Dkt. No. [34] at 14.) The Court finds that the statute does not require an injured worker to assign a portion of his or her personal injury claim. Furthermore, Plaintiff has not demonstrated that "he is a member of any protected class, and the statute is rationally related to the legitimate purpose of preventing double recovery by employees." Lee, 2007 WL 3284893, at *3 (M.D.Ga., Nov 6, 2007). Plaintiff also asserts that the statute violates the Due Process Clause of the United States and Georgia Constitutions by "ostensibly allow[ing][the] assert[ion][of] a lien on permanent partial disability benefits that are not economically based[.]" (Dkt. No. [34] at 14.) Plaintiff claims such language constitutes a taking of Plaintiff's property without the protections of due process. (Id.) The Court finds Plaintiff's argument misplaced. The Georgia courts have interpreted O.C.G.A. § 34-9-11.1 to apply only to economic damages. See Canal Ins. Co., 256 Ga.App. at 870, 570 S.E.2d at 65. The insurer's request of a special verdict form would ensure the apportionment of the employee's economic and noneconomic damages. Id. Accordingly, the Court finds that O.C.G.A. § 34-9-11.1 does not violate either the Equal Protection Clause or Due Process Clause.

10

Next Plaintiff argues that O.C.G.A. § 34-9-11.1 is unconstitutional because it statutorily embodies more than one subject matter in violation of Ga. Const. Art. 3, § 5, ¶ III.(Dkt. No. [34] at 15.)[3] Upon a review of the statute, the Court finds that it addresses only one subject matter.

The Court further rejects Plaintiff's argument that statute violates the public policies of encouraging settlement and facilitating prompt and efficient resolution of legal disputes. (Id.) The main purpose of O.C.G.A. § 34-9-11.1 is to fully compensate an injured employee while providing a bar to double recovery. See generally, North Bros. Co. v. Thomas, 236 Ga. App. 839, 513 S.E.2d 251 (1999). In the event of a settlement between Plaintiff and Defendant, an intervenor's right to its subrogation lien is preserved, and the only claim that remains for adjudication is whether there was a full and complete recovery. Int'l Maint. Corp., 256 Ga.App. at 755, 569 S.E.2d at 868. The Court finds that the statute does not counter public policy as "it would seem to be in the best interests of lienholders to maximize a plaintiff's recovery to better their chances of proving that a claimant has been fully and completely

---

[3] Ga. Const. Art. 3, § 5, ¶ III states, "[n]o bill shall pass which refers to more than one subject matter or contains matter different from what is expressed in the title thereof."

compensated." Id. The Court does not find that the additional adjudication would be a hindrance to an efficient resolution of legal disputes.

Also, the Court rejects Plaintiff's assertion that the equitable principles of the doctrine of clean hands, laches, and estoppel bar Liberty Mutual's intervention. (Dkt. No. [34] at 17.) The Court finds the reasoning in the Lee v. Genie Industries, Inc., persuasive, holding that "[Liberty Mutual's] attempt to protect its statutory lien is a standard and accepted practice, and it would be inappropriate to apply an equitable doctrine to bar that practice." 2007 WL 3284893 at *3 (M.D.Ga., Nov 6, 2007); see M.G.B. Homes, Inc. v. Ameron Homes, Inc., 903 F.2d 1486, 1489 n. 6 (11th Cir. 1990) (explaining that a plaintiff acting "within the bounds of an arguably accepted practice" is not barred from recovery by the equitable doctrine of unclean hands).

In his final argument, Plaintiff urges the Court to deny the Motion to Intervene because Liberty Mutual has not demonstrated a right to intervene under Fed. R. Civ. P. 24. In order to intervene in the pending litigation as a matter of right, Liberty Mutual must demonstrate that it has met the four requirements set forth under Fed. R. Civ. P. 24(a).

12

### A. Timeliness of the Motion

Fed. R. Civ. P. 24(a) requires that an intervenor's motion be filed "timely". Under O.C.G.A. § 34-9-11.1 the right to intervene is separate from the right to enforce the lien and seek recovery. The right to enforce the lien is only ripe once there is a showing that the plaintiff has been fully and completely compensated. O.C.G.A.§ 34-9-11.1. As Liberty Mutual seeks to assert its right to intervene under the statute, the motion is timely. See Lee, 2007 WL 3284893, at *3 (M.D.Ga., Nov 6, 2007).

### B. Liberty Mutual's Interest in the Pending Litigation

The intervenor must demonstrate an "interest relating to the property or transaction that is the subject of the action" in order to properly intervene as a matter of right. FED. R. CIV. P. 24(a)(2). Here, O.C.G.A. § 34-9-11.1 provides Liberty Mutual with a right to assert a subrogation lien for worker's compensation benefits paid to the employee. This defined right creates an interest on the part of Liberty Mutual in the pending litigation between Plaintiff Watkins and Defendant Vestil Manufacturing Corp.

### C. Liberty Mutual's Ability to Protect its Interests

Fed. R. Civ. P. 24(a)(2) requires that the intervenor be "so situated that

13

disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest." As interpreted by the Georgia courts, O.C.G.A. § 34-9-11.1 requires intervention by an insurer in order to preserve a subrogation lien. See Canal Ins. Co., 256 Ga.App. at 868 S.E.2d at 63 (2002). Consequently, " '[i]t is the responsibility of the workers' compensation provider to protect its interest by intervention ...." Id. at 871, 570 S.E.2d at 65 (quoting N. Bros. Co. v. Thomas, 236 Ga.App. 839, 841, 513 S.E.2d 251, 253 (1999)). Therefore, Liberty Mutual's intervention in the pending action is required in order to protect its subrogation lien.

### D. Adequate Representation by Plaintiff

Finally, Fed. R. Civ. P. 24 requires a demonstration that the intervenor's position cannot be adequately represented by an existing party in the suit. Plaintiff argues that his interests are aligned with those of Liberty Mutual's and that "the pending matter is being pursued with an eye towards maximizing Plaintiff's recovery." (Dkt. No. [34] at 22.) However, the Court finds that Liberty Mutual has a subrogation lien and must intervene in the pending matter in order to enforce the lien. Liberty Mutual's right to assert the subrogation lien

14

and seek recovery cannot be adequately represented by Plaintiff or any existing party in the pending suit.

The Court finds that Liberty Mutual may intervene as a matter of right pursuant to Fed. R. Civ. P. 24.

### III. Restrictions on Liberty Mutual's Intervention

In the event of an intervention, Plaintiff asks the Court to place conditions on Liberty Mutual's participation in the litigation. (Dkt. No. [34] at 23.) Plaintiff seeks restriction on Liberty Mutual so as to "guard against the admission of any evidence of worker's compensation payments, and guard against any interference with Plaintiff's right to settle." (Id.) Specifically, Plaintiff asks that Liberty Mutual not be permitted to: (1) attend depositions; (2) have a presence in the trial; or, (3) interfere with settlement negotiations. The Court finds that a bifurcated trial, first on the primary claims, then, after verdict or settlement on the issue of full and complete compensation, would alleviate Plaintiff's concerns regarding the introduction of collateral source evidence. Canal Ins. Co., 256 Ga.App. at 870, 570 S.E.2d at 65 (citing Hammond v. Lee, 244 Ga.App. 865, 868-69, 536 S.E.2d 231, 234-35 (2000)). Additionally, the Court shall address any conflicts between Plaintiff and Liberty Mutual as they

15

arise. See Int'l Maint. Corp. v. Inland Paper Bd. & Packaging, Inc., 256 Ga.App. 752, 569 S.E.2d 865 (2002). Accordingly, at this time, the Court declines to impose any additional conditions on Liberty Mutual's intervention.

## Conclusion

For the foregoing reasons, the Liberty Mutual's Motion to Intervene [26] is **GRANTED** as follows:

(1) Liberty Mutual is permitted to intervene in this action as a party plaintiff.

(2) The complaint of intervenor Liberty Mutual attached to its Motion to Intervene shall be deemed filed as of the date of this Order. Liberty Mutual shall serve its complaint upon the other parties as provided by law. Defendant shall be required to respond to said Complaint within thirty days from the date of service thereof by Liberty Mutual.

**SO ORDERED** this  1st  day of December, 2008.

*[signature]*

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16