# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| JOHN WATKINS, | : | |
| Plaintiff, | : | CIVIL ACTION NO. |
| | : | 2:07-CV-0152-RWS |
| LIBERTY MUTUAL INSURANCE COMPANY, | : | |
| Intervenor Plaintiff, | : | |
| v. | : | |
| VESTIL MANUFACTURING CORP., | : | |
| Defendant. | : | |

## **ORDER**

This case comes before the Court on Plaintiff John Watkins' Motion to Strike Jon B. Ver Halen, P.E. as an Expert for Defendant [81] and Motion to Compel a Complete Case Disclosure for Jon B. Ver Halen, P.E. [82]. After a review of the record, the Court enters the following Order.

**Discussion**

In initiating suit, Plaintiff alleged that Defendant's negligence, defective design, and/or defective product resulted in Plaintiff's physical injury, disability, medical expenses, loss of earnings, and loss of earning capacity. (Dkt. No. [1].) Plaintiff asserts that the disclosure for one of Defendant's experts, Jon B. Ver Halen (hereinafter "Mr. Ver Halen"), does not comply with Federal Rule of Civil Procedure 26(a)(2)(B) which requires a "list of all cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition." Plaintiff argues that Mr. Ver Halen's list is incomplete because it does not include a complete case name, court information, or case number for the majority of cases listed. (Dkt. No. [82] at 3.) Plaintiff states that out of sixty-seven (67) listed cases, Defendant's lawyer provided Plaintiff's counsel with adequate information for only sixteen (16) cases. (Dkt. No. [81] at 4.) Plaintiff cites non-binding case law for the proposition that Defendant's disclosure does not comply with Rule 26. Nguyen v. IBP, Inc., 162 F.R.D. 675 (N.D. KS. 1995) (plaintiff's expert was not allowed to testify unless the expert provided more than only the patient's names for some cases and the attorney's names for others); Ortiz-Lopez v. Sociedad Espanola De Auxilio Mutuo, etc.,

2

248 F.3d 29 (1st Cir. 2001) (district court struck an expert whose case list consisted of a list of attorneys for whom the expert had testified). Furthermore, Plaintiff argues that there is no substantial justification for the incomplete disclosure because Mr. Ver Halen is a "professional expert" with knowledge of the requirements under Rule 26. (Dkt. No. [81] at 10.) Finally, Plaintiff asserts that his "ability to craft a careful cross-examination to rebut this professional witness" has been harmed due to Defendant's lack of candor. (Id. at 11.)

In response, Defendant argues that Mr. Ver Halen's list is compliant with Rule 26 and provides Plaintiff with sufficient information with which to conduct a thorough cross examination. (Dkt. No. [91] at 7, 13.) Defendant distinguishes the cases cited by Plaintiff and argues instead that Rule 26 does not require more than the production of the case name, type of testimony, and the date the testimony was given. Vincente v. City of Rome, Ga., 2005 WL 6032876, *10 (N.D.Ga. 2005) ("With respect to [d]efendants' complaint that [the expert witness] failed to provide case numbers and courts for his list of previous cases, Rule 26(a)(2)(B) does not specifically require that information.") Further, Defendant argues that any such inadequacies under

3

Rule 26 were harmless and did not impair Plaintiff's ability to discover inconsistent testimony and sufficiently depose Mr. Ver Halen. (Id. at 14.)

Disclosures under Fed. R. Civ. P. 26(a)(2)(B) are necessary to allow the opposing party "a reasonable opportunity to prepare for effective cross examination." Jacobsen v. Desert Book Co., 287 F.3d 936, 953 (10th Cir. 2002). The Court finds that the list of cases in which an expert has previously testified should include the court and the case number. See Nguyen v. IBP, Inc. 162 F.R.D. 675, 682 (D.Kan.1995); Baca v. Depot Sales, LLC., 2007 WL 951163, *1 (D. Colo. 2007). The Defendant's failure to include this information in Mr. Ver Halen's disclosure constitutes a violation of Rule 26. Furthermore, such a violation is not harmless as it hinders Plaintiff's ability to prepare for cross examination of Mr. Ver Halen.

For failure to comply with the requirements of Rule 26, Rule 37 authorizes striking the expert witnesses or compelling disclosures. Here, the Court declines to strike Mr. Ver Halen as an expert from Defendant's potential list of witnesses. Accordingly, Plaintiff's Motion to Strike [81] is **DENIED**. The Court will, however, **GRANT** Plaintiff's Motion to Compel [82] and **ORDER** that Defendant, within twenty (20) days of the entry of this Order,

provide to Plaintiff a supplemental disclosure which corrects the deficiencies identified herein. The information required to be disclosed includes the case numbers and courts for the cases in which Mr. Ver Halen has testified either at trial or by deposition within the last four years. Further, it is **ORDERED** that Plaintiff may re-depose Mr. Ver Halen on the information contained in Defendant's supplemental disclosures. Because of the lack of clear authority concerning the specific disclosures required, the Court finds that the opposition to the motion was justified in this instance and denies the request for expenses.

## Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Jon B. Ver Halen, P.E. as an Expert for Defendant [81] is **DENIED**. Plaintiff's Motion to Compel a Complete Case Disclosure for Jon B. Ver Halen, P.E. [82] is **GRANTED**. Defendant shall provide Plaintiff with a supplemental disclosure within twenty (20) days of the entry of this Order.

**SO ORDERED**, this  4th  day of February, 2009.

**RICHARD W. STORY**
United States District Judge

AO 72A
(Rev.8/82)